## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

SIN JOHAL,                                    )
                                             )
                Petitioner,                   )
                                             )
v.                                            )          Case No. CIV-25-1408-J
                                             )
PAMELA BONDI, et al.,                         )
                                             )
                Respondents.                  )

### ORDER

Petitioner, a noncitizen from India, filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B),(C). Respondents moved to dismiss (Mot.) [Doc. No. 11] and Petitioner responded (Petr.'s Resp.) [Doc. No. 12]. At Judge Mitchell's direction, Respondents also updated the Court with relevant information. (Resp.) [Doc. No. 14]. On review, Judge Mitchell entered a Report and Recommendation (Rep. & Rec.) [Doc. No. 15] recommending the Court deny habeas relief. The parties were advised of their right to object to the Report and Recommendation by February 20, 2026. Petitioner filed an objection (Obj.) [Doc. No. 16], which triggers de novo review on his specific objections. *See* Fed. R. Civ. P. 72(b)(3). On findings that Petitioner did not address, de novo review is not warranted, and the Court reviews the Report and Recommendation only "to confirm that there is no clear error on the face of the record." *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *1 (W.D. Okla. Feb. 20, 2026) (applying de novo review only to those findings on which the party specifically objected). Respondents did not object and did not trigger de novo review.

For the reasons discussed below, the Court ADOPTS the Report and Recommendation and DENIES the Petition.

I.    **Background**

Petitioner was admitted to the United States in December 2020 "as a nonimmigrant Alien in Transit with authorization to remain in the United States for a temporary period not to exceed January 25, 2021." Resp., Ex. 3 at 1.[1]  In November 2021, on grounds that Petitioner remained in the United States past his January 25, 2021 deadline, the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE) began removal proceedings.  Though no date is provided, it is clear that Petitioner was taken into custody.  *See id.*  On November 17, 2025, Petitioner was afforded a bond hearing and the next day the Immigration Judge (IJ) issued an Order denying relief because "[n]o material change in circumstances supporting Respondent's application for bond" existed.  Pet., Ex. 1.  No party has attached a transcript of the bond hearing.

Petitioner asked the IJ to reconsider and/or reopen the bond hearing, arguing that the IJ had previously concluded that Petitioner was not a flight risk or danger to the community.  *See* Mot., Ex. 2 at 2.  In a written order dated January 5, 2026, the IJ provided a procedural and factual history documenting the arguments and evidence presented at the bond hearing and specifically noting that the court *had found* Petitioner to be a flight risk.  *See* Resp., Ex. 3 at 1-3.  Then several days later, the IJ issued another Order noting that because Petitioner had appealed to the Board of Immigration Appeals (BIA),[2] it "defers to the parties and finds that it lacks jurisdiction to consider" the motion to reconsider.  *Id.*, Ex. 4.

---

[1] Page citations refer to this Court's CM/ECF pagination.

[2] Despite this notation, Petitioner suggests that he did not appeal to the BIA because to do so would be futile.  *See* Pet. at 2.  Respondents sought dismissal on this ground, *see* Mot. at 7-10, but Judge Mitchell did not address this defense.  *See* Rep. & Rec., *passim*.  As the Court ultimately adopts Judge Mitchell's conclusion that habeas relief must be denied, *see infra* at 4-6, the Court does not address the exhaustion issue.

Here, Petitioner claims that Respondents (Ground One) violated the Immigration and Nationality Act (INA) by denying him bond after finding that he was neither a flight risk nor a danger to persons or property, (Ground Two) violated due process through misapplication of law, and (Ground Three) violated the Administrative Procedures Act (APA) because their "decisions, which represent changes in the agencies' policies and positions, have considered factors that Congress did not intend to be considered, have entirely failed to consider important aspects of the case, and have offered explanations for their decisions that run counter to the evidence before the agencies." Pet. at 12-14. Petitioner seeks his immediate release or, in the alternative, an order directing "the [IJ] to set a reasonable monetary bond based on the evidence previously presented to the immigration court." *Id.* at 3.

## II.    Judge Mitchell's Findings

### A.    Jurisdiction

Judge Mitchell first rejected Respondents' assertion that the Court lacks jurisdiction pursuant to 8 U.S.C. § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*See* Rep. & Rec. at 5-7. Citing district court cases from within this circuit and nationwide, she concluded that federal courts may review an immigration bond hearing, though only to determine if it is legally erroneous or unconstitutional. *See id.* at 6. However, the Court would lack jurisdiction to review the IJ's discretionary judgment. *See id.*

No party objected to this determination, and seeing no clear error on the face of the record, the Court ADOPTS Judge Mitchell's finding that § 1226(e) does not deprive the Court of jurisdiction. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 (D. Colo. 2024) ("District courts lack

jurisdiction to review an IJ's bond determination.  But district courts do have jurisdiction under 28 U.S.C. § 2241 to consider any error of law in Petitioner's agency proceedings, including any claimed due process violation." (cleaned up)); *Martinez Rodriguez v. Castro*, No. 2:25-CV-01294-KG-JFR, 2026 WL 252503, at *2 (D.N.M. Jan. 30, 2026) (holding that while § 1226(e) prevents a district court from reviewing an IJ's discretionary judgment, it does not preclude "habeas jurisdiction over constitutional claims or questions of law"); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) (noting § 1226(e)'s restrictions but concluding that "[t]o the extent petitioner's claims challenge his detention as unconstitutional and challenge the extent of DHS's statutory authority to revoke a bond issued by an immigration judge, the Court finds that it has subject-matter jurisdiction").

### B.    Grounds One and Two

Under the INA, an IJ may release an immigrant following an initial bond hearing if satisfied that he "would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8).  Thereafter, an immigrant may request another bond hearing "upon a showing that [his] circumstances have materially changed since the prior bond determination."  8 C.F.R. § 1003.19(e).

In Ground One, Petitioner argues that the IJ misapplied the INA because on November 17, 2025, the IJ found that he did *not* pose a danger to the community and was *not* a flight risk and thus he should have been released on bond.  But pointing to the IJ's January 5, 2026 Order, Judge Mitchell disagreed noting that the IJ examined the evidence and concluded that Petitioner *was* a flight risk.  *See* Rep. & Rec. at 8-9; *see also* Resp., Ex. 3 at 2 (IJ's Order documenting evidence that (1) Petitioner had no significant property, assets, or savings in the United States; (2) he had no letters or documents verifying employment; (3) his only immediate family member (his wife)

had not filed relevant immigration papers until after his detainment; and (4) his request for asylum was speculative and he had not suggested he was a victim of persecution, torture, or human trafficking). Petitioner objects to Judge Mitchell's reliance on that document, arguing that the IJ agreed he lacked jurisdiction to hear the motion to reconsider and thus the January 5, 2026 Order is "*void ab inito*." Obj. at 3-4. However, Judge Mitchell was not relying on *new* bond hearing findings; instead, in the absence of any transcript from the November 17, 2025 hearing, she was relying on the IJ's recitation of the evidence and the hearing's outcome. This is sufficient, particularly as Petitioner presents no evidence to dispute the IJ's recitation.[3]

For Ground Two, Petitioner complains that the November 18, 2025 Order was issued in error because this was his initial bond hearing and not a subsequent hearing under § 1003.19(e). Judge Mitchell found this harmless error, as the record reflects that the IJ *also* determined that Petitioner was a flight risk. Petitioner objects but again focuses on the IJ's alleged failure to apply the correct standard. As the Court agrees with Judge Mitchell that the IJ *did* apply the correct standard – albeit not sufficiently explained in the November 18, 2025 Order – this objection is not persuasive.

In sum, and on de novo review,[4] the Court agrees with Judge Mithcell that the IJ applied the correct standard in Petitioner's initial bond hearing, determining that Petitioner was not a

---

[3] In his objection, Petitioner asserts for the first time that the Court could order Respondents to provide the bond hearing transcript. *See* Obj. at 4. But Petitioner could have requested this action when he first filed his Petition in November 2025. It is his burden. *See Ribeiro-Almeida v. FCI Berlin, Warden*, No. 25-CV-408-LM-TSM, 2025 WL 3521364, at *3 (D.N.H. Dec. 9, 2025) (reiterating that petitioner bears the burden on a § 2241 petition and noting that he failed to attach an affidavit or "produce a transcript of the bond hearing or . . . copies of the evidentiary submissions" to support his claim and thus denying relief).

[4] The Court has examined Petitioner's remaining objections related to Grounds One and Two, namely, alleged bias, high IJ turnover rates, and political influence, etc. and finds no persuasive argument which would affect the outcome in this specific case.

danger to the community but was a flight risk, and any error in failing to specifically note that finding (and incorrectly noting there had been no change in circumstances) on the November 18, 2025 Order was harmless. As such, the Court ADOPTS Judge Mitchell's findings on Grounds One and Two.

### C.    Ground Three

Finally, Judge Mitchell found that Petitioner's arguments related to the APA were not available because Petitioner had another avenue – his § 2241 Petition – in which to raise his claims for relief. *See* Rep. & Rec. at 9-10. Petitioner did not specifically object to this finding, *see* Obj., *passim*, and finding no clear error on the face of the record, it is ADOPTED. *See Rivera v. Noem,* No. 1:25-CV-01289 KWR-KBM, 2026 WL 381309, at *7 (D.N.M. Feb. 11, 2026) (concluding, in a § 2241 immigration case, that: "Petitioner's APA claim fails because habeas relief is available.").

## III.    <u>Conclusion</u>

For the reasons set forth above, the Court ADOPTS the Report and Recommendation [Doc. No. 15] and DENIES Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner's emergency motion for an expedited ruling [Doc. No. 5] and Respondents' motion to dismiss [Doc. No. 11] are DENIED as moot.

A separate judgment will enter.

IT IS SO ORDERED this 25th day of February, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE