**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

SIN JOHAL,                                    )
                                              )
              Petitioner,                     )
                                              )
v.                                            )        Case No. CIV-25-1408-J
                                              )
PAMELA BONDI, et al.,                         )
                                              )
              Respondents.                    )

**ORDER**

Petitioner, a noncitizen from India, filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B),(C). Now pending is Judge Mitchell's Supplemental Report and Recommendation wherein she recommends granting habeas relief on Petitioner's procedural due process claim and ordering Respondents to provide another bond hearing with Respondents bearing the burden. (Supp. Rep. & Rec.) [Doc. No. 21]. Both Petitioner and Respondents have objected [Doc. Nos. 22-23], triggering de novo review. For the reasons discussed below, the Supplemental Report and Recommendation is ADOPTED IN PART and DECLINED IN PART and habeas relief is DENIED.[1]

**I.    Background**

Petitioner was admitted to the United States in December 2020 "as a nonimmigrant Alien in Transit with authorization to remain in the United States for a temporary period not to exceed

---

[1] Because the Court denies habeas relief, it does not address Respondents' objections to the Supplemental Report and Recommendation. Petitioner only objected to Judge Mitchell's recommended remedy, requesting release rather than a new bond hearing. [Doc. No. 23]. Again, as habeas relief is denied, the Court declines to address this objection.

January 25, 2021." [Doc. No. 14, Ex. 3 at 1].[2]  In November 2021, on grounds that Petitioner remained in the United States past his January 25, 2021 deadline, the United States Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE) began removal proceedings.  On November 17, 2025, Petitioner was afforded a bond hearing where the Immigration Judge (IJ) denied relief because "[n]o material change in circumstances supporting [Petitioner's] application for bond" existed.  Pet., Ex. 1.

Petitioner asked the IJ to reconsider and/or reopen the bond hearing, arguing that the IJ had concluded that he *was not* a flight risk or danger to the community.  *See* [Doc. No. 11, Ex. 2 at 2]. In a written order dated January 5, 2026, the IJ documented the arguments and evidence presented at the bond hearing and specifically noted that the court *had* found Petitioner to be a flight risk. *See* [Doc. No. 14, Ex. 3 at 1-3].

In this Court, Petitioner claimed that Respondents (Ground One) violated the Immigration and Nationality Act (INA) by denying him bond after finding that he was neither a flight risk nor a danger to persons or property, (Ground Two) violated due process through misapplication of law, and (Ground Three) violated the Administrative Procedures Act (APA).  Pet. at 12-14. Petitioner sought his immediate release or, in the alternative, an order directing "the [IJ] to set a reasonable monetary bond based on the evidence previously presented to the immigration court." *Id.* at 3.

Judge Mitchell issued a Report and Recommendation rejecting Respondents' challenge to the Court's jurisdiction pursuant to 8 U.S.C. § 1226(e) and Petitioner's APA claim.  [Doc. No. 15]. Neither party objected to those determinations, and they were adopted.  [Doc. No. 17].

---

[2] Page citations refer to this Court's CM/ECF pagination.

On Petitioner's INA claim, and in the absence of any transcript, Judge Mitchell relied on the IJ's January 5, 2026 Order which indicated that the IJ had indeed found Petitioner to be a flight risk at his initial bond hearing.  She further found that although the IJ had articulated the wrong standard, any error was harmless.  [Doc. No. 15].  On de novo review, and over Petitioner's objection, the Court adopted Judge Mitchell's recommendation and denied habeas relief.  [Doc. No. 17].

Thereafter, Petitioner gained access to the initial bond hearing transcript and filed a motion to reconsider.  [Doc. No. 19].  The Court granted the motion to reconsider and re-referred the matter to Judge Mitchell.

## II.   **Bond Hearing Standards**

Under the INA, an IJ may release an immigrant following an initial bond hearing if satisfied that he "would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8).  Thereafter, an immigrant may request another bond hearing "upon a showing that [his] circumstances have materially changed since the prior bond determination."  *Id.* § 1003.19(e).

## III.   **Analysis**

In Ground One, Petitioner alleged that the IJ misapplied the INA because he was denied bond despite the IJ finding that he was neither a flight risk nor a danger to persons or property.  *See* Pet. at 12.  Reviewing the bond hearing transcript, Judge Mitchell disagrees, noting that the transcript "does not reflect that the IJ ever made such a finding."  Supp. Rep. & Rec. at 6.  Neither party objects to this conclusion, and the Court ADOPTS Judge Mitchell's finding that Petitioner is not entitled to habeas relief on Ground One.

Relatedly, in Ground Two, Petitioner claimed that the IJ violated his due process rights because the court applied the change-in-circumstances standard relevant only to subsequent bond hearings. *See* Pet. at 12-13. In her first Report and Recommendation, Judge Mitchell concluded that error had occurred but found it harmless. The Court agreed and denied habeas relief. *See supra* at 3. In her Supplemental Report and Recommendation, Judge Mitchell again finds that the application of the incorrect standard was a procedural due process violation; however, without explanation, she now recommends granting habeas relief and ordering Respondents to hold another bond hearing. *See* Supp. Rep. & Rec. at 9. The Court DECLINES this recommendation.

The Court agrees that a procedural due process violation likely occurred. That is, the IJ initially articulated the correct standard, *see* [Doc. No. 19, Ex. 1 at 4], and the Government announced that its objection to bond was based on Petitioner's flight risk. *See id.* The IJ then questioned Petitioner about (1) where he would live if given bond, (2) his marriage, (3) his employment history, (4) whether he had other family in the United States, (5) his assets, property, income, and savings, and (6) his immigration applications, etc. *See id.*, Ex. 1 at 1-11. However, instead of finding that Petitioner was ineligible for a bond because he was a flight risk, the IJ announced that the bond was denied because there had not been a material change in circumstances from the initial determination. *See id.*, Ex. 1 at 12. This was the incorrect standard. *See supra* at 3. But as discussed above, the IJ thereafter issued an Order which clarified the hearing determination. The IJ wrote, in relevant part:

> At the bond hearing, [Petitioner], through counsel, indicated he had been in the United States for approximately five years, entering in 2020. He asserted he was not a danger to the community and had no criminal history or arrests in the United States. [Petitioner] also indicated that he was married to his wife, a [United States citizen], since September of 2024. [Petitioner] proffered that his wife is pregnant and was expecting a child. However, evidence presented at the hearing also showed that his wife did not submit an I-130 petition in this case until October 17, 2025. [Petitioner] did not indicate that he has any other potential qualifying relatives in

4

the US and was working as a commercial truck driver with a Limited Term California CDL.  The evidence does not contain any letters or supporting documents from an employer verifying [Petitioner's] employment.

[Petitioner] indicated that he was also seeking asylum.  The [G]overnment noted, however, that the latest update [on this application] shows "referred-ineligible."  In addition, the Government evidence also showed that during his encounter with ICE, there was no revelation or disclosure by [Petitioner] that he was a victim of persecution, torture or human trafficking.

Evidence at the hearing also showed that [Petitioner] did not have significant property, assets or savings in the United States.  He also presented affidavits of support from his wife and five other individuals.  There was no financial information documents submitted as part of Exhibit 3.  The Department opposed [Petitioner's] request for bond and believed [Petitioner] was a flight risk.

In balancing relevant factors . . ., the Court did not reach the conclusion [Petitioner] was a danger to the community.  However, the Court found [Petitioner] had not met his burden to show he was not a flight risk.  While [Petitioner] has lived in the United States for five years, [Petitioner] has limited relief available to him.  Although he has one immediate family member from which an immigration benefit could be derived, his wife did not submit that application until after [Petitioner] was placed in detention by the government.  . . .  The Court found that [Petitioner] was a flight risk.

[Doc. No. 14, Ex. 3 at 2-3 (cleaned up)].

Based on this, the Court again finds that any procedural due process error that occurred during the bond hearing was rendered harmless when the IJ clarified that Petitioner's bond was denied because he was a flight risk and documented the evidence the IJ relied upon in making that determination.  As such, Petitioner's request for habeas relief in Ground Two is DENIED.

## IV.    Conclusion

For the reasons set forth above, the Court ADOPTS IN PART and DECLINES IN PART the Supplemental Report and Recommendation [Doc. No. 21] and again DENIES Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. No. 1].

A separate judgment will enter.

5

IT IS SO ORDERED this 1st day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE